IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAY THOMAS ENCISO,

      Plaintiff,

vs.                                                                           No. 12-cv-0920 LH/SMV

CAROLYN W. COLVIN,
Acting Commissioner of Social Security Administration,

      Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO GRANT PLAINTIFF'S MOTION FOR EAJA FEES [DOC. 45]**

THIS MATTER is before me on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("Motion") [Doc. 45], filed on June 30, 2014. Defendant filed her Response [Doc. 46] on July 17, 2014. Plaintiff filed his Reply [Doc. 47] on July 23, 2014.[1] On January 6, 2014, the presiding judge referred this case to me for analysis and a recommended disposition. [Doc. 36].

This case's procedural history is unusual. An important part of the record (the transcript of a hearing) is missing. After it was discovered that the transcript was missing from the record, the parties agreed that remand was necessary. Indeed, both sides filed motions seeking remand, but only after Plaintiff's counsel had expended a great deal of work on the case. Defendant objects to Plaintiff's request for $7,628.40 in attorney's fees, arguing that most of the work was

---

[1] I wish to apologize to the parties for taking so long to file this PF&RD. I have struggled for some time to arrive at what I feel is the fairest result.

unnecessary, given that Defendant did not object to the case being remanded. Plaintiff argues that (1) his attorneys had already performed most, if not all, of the work by the time they realized the record was incomplete, and (2) although they did not object to the remand, they contested the form the remand would take. Defendant sought a straightforward "sentence four"[2] remand for a rehearing without specific findings of error, whereas Plaintiff argued for a "sentence six" remand with specific findings of error and an order for an immediate award of benefits. *Compare* [Doc. 41] *with* [Doc. 42]. Having meticulously reviewed the parties' submissions, the applicable case law, and being otherwise fully advised in the premises, I find that the Motion is well-taken and should be granted. I will recommend, therefore, that the Motion be granted, and that Plaintiff be awarded $7,628.40 in EAJA fees.

**I.     Background**

Plaintiff filed applications for disability insurance benefits and Supplemental Security Income on November 10 and December 20, 2004, respectively. [Doc. 30-1] at 49. His applications were denied initially and on reconsideration. *Id*. He then filed a request for a rehearing. *Id*.

On November 29, 2005, Administrative Law Judge (ALJ) Barbara Perkins held a hearing in Albuquerque. *Id*. Judge Perkins heard testimony from Plaintiff and Barbara Bowman, a vocational expert (VE). *Id*. On May 18, 2007, Judge Perkins issued her decision finding Plaintiff to be not disabled witin the meaning of the Social Security Act. [Doc. 30-2] at 9. In

---

[2] "A district court may remand a final decision of the Secretary only as provided in sentences four and six of 42 U.S.C. § 405(g): in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision (sentence four), or in light of additional evidence without any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier (sentence six)." *Melkonyan v. Sullivan*, 501 U.S. 89, 90 (1991).

reaching her decision, Judge Perkins relied upon the testimony of the VE. *See* [Doc. 30-2] at 7−8. Plaintiff filed a Request for Reconsideration. *Id.* 55–56. In May, 2008, the Appeals Council reversed Judge Perkins and ordered a rehearing. *Id.*

Judge Perkins held a second hearing in July, 2009. [Doc. 30-1] at 18. Once again, she found that Plaintiff was not disabled. *Id.* Plaintiff filed a timely pro se appeal in this court on August 29, 2012. *See* Complaint, [Doc. 1].

On September 9, 2013, Defendant filed a Motion to Remand because Plaintiff's claim file could not be located. [Doc. 20] at 1. However, the claim file was quickly located, and Defendant withdrew the Motion. [Doc. 24] at 2. Plaintiff's counsel entered her appearance on September 13, 2013. [Doc. 23]. Defendant filed her Answer on October 29, 2013. [Doc. 28]. The Honorable Lorenzo A. Garcia, United States Magistrate Judge, was the referral judge at that time. He set a briefing schedule. [Doc. 32]. Plaintiff was given until December 31, 2013, to file a Motion to Reverse or Remand Administrative Agency Decision with supporting memorandum. *Id*. After obtaining one extension of time, *see* [Doc. 34], Plaintiff filed his Motion to Remand on March 31, 2014. *See* [Doc. 37]. The 27-page Motion raised four issues, each of which (according to Plaintiff) compelled reversal and remand. *See id*. at 4–5.

This is where things get confusing. On April 30, 2014, *Defendant* filed a Motion to Reverse and Remand [Doc. 40] and Memorandum in Support [Doc. 41]. The Motion is based on a single ground:

> The Social Security Administration filed a Motion to Reverse and Remand this case for further administrative proceedings because the transcript of the November 29, 2005 hearing that contains the vocational expert's testimony, upon which the administrative law judge (ALJ) relied to find Plaintiff not disabled, cannot be located.

> The case will be remanded to an ALJ for another administrative hearing and the issuance of a new decision.

*Id*. at 1. With respect to Plaintiff's concurrence,[3] the Memorandum states, "Counsel for Plaintiff has been contacted and does not object to the filing of the Motion to Reverse and Remand, but does reserve the right to object to the content of the Motion." *Id*. at 2.

Plaintiff did, in fact, object to the proposed language in Defendant's Proposed Order and Judgment remanding the case. *See* Response to Defendant's Motion to Reverse and Remand, [Doc. 42]. Plaintiff argued strenuously in favor of an order requiring immediate payment of benefits, rather than one that merely ordered a rehearing. *See id*. at 2–5. Alternatively, Plaintiff argued that the Order of remand should contain specific findings that the ALJ had committed the four errors raised in Plaintiff's Motion to Remand [Doc. 37]. *See* [Doc. 42] at 5.

In an order dated May 30, 2014, the presiding judge, the Honorable Leroy C. Hansen, United States District Judge, granted Plaintiff's Motion to Remand, i.e., [Doc. 37]. *See* Stipluated [sic] Order of Remand, [Doc. 43]. The Order remands the case to the Administration for further administrative action "pursuant to sentence four (4) of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g)." *Id*. at 1.

On June 30, 2014, Plaintiff filed her Motion for Attorney Fees. [Doc. 45]. Attached to the Motion were affidavits from the two attorneys who worked on Plaintiff's case. *See* [Docs. 45-1 and 45-2]. The two attorneys averred that they had expended a total of 40.6 hours on Plaintiffs' case between September 12, 2013, and June 25, 2014. *Id*. They seek

---

[3] Although the docket entry indicates that the motion is "unopposed," *see* [Doc. 40], both the Motion [Doc. 40] and the Memorandum in Support [Doc. 41] make it clear that Plaintiff concurred only to the extent the Motion sought reversal and remand, but not to the form such remand would take.

4

reimbursement at hourly rates of $187 (for work performed in 2013) and $188 (for work performed in 2014). *Id.* Defendant does not object to the hourly rate but only to the number of hours expended, arguing that 40.6 hours is excessive under the circumstances. *See* [Doc. 46] at 2–3.

## II. The EAJA Standard of Review

The EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees should be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. "[O]nce the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (citing *Jean*, 496 U.S. at 161). Determining the reasonableness of the number of hours billed lies within the Court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (interpreting attorney-fees request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility for fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*."). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The applicant bears the burden of establishing entitlement to an attorney-fee award, documenting the appropriate hours expended, and showing that the hours are reasonable. *See*

*Hensley*, 461 U.S. at 433.  Essentially, this means that the applicant must "prove and establish the reasonableness of each dollar, each hour, above zero."  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks omitted) (interpreting attorney-fees requests under § 1988).

**III.     Analysis**

As mentioned earlier, Defendant objects, not to the hourly rates, but rather to the amount of time expended by Plaintiff's counsel in light of the fact that remand was not disputed:

> Plaintiff briefly argued in his February 2014 Motion to Remand that [the missing transcript] was not in the record, and that the adequacy of the ALJ's hypothetical question to the VE could therefore, not be ascertained.  *See* Ct. Dckt. #37.  Yet, rather than contact agency counsel to bring it to the agency's counsel's attention, Plaintiff's counsel unnecessarily expended more than 22 hours briefing her [other arguments for reversal and remand].
>
> Where, as here, a record is missing an administrative hearing transcript, it is standard practice for agency counsel to voluntarily request that a court remand a case back to the Commissioner for another hearing and a new decision.  Plaintiff's counsel, as well as her co-counsel's, law practices consist primarily of social security cases.  Accordingly, both knew or should have known that agency counsel would follow the same protocol and remand the case without regard to the merits of any other arguments raised.

[Doc. 46] at 2. Plaintiff's counsel responds,

> First, counsel is not a mind reader . . . .  To withhold fees because counsel did not know what the Commissioner's attorney might do is improper.
> Second, counsel is unaware of any standard practice in the event that a transcript from the first of two separate ALJ hearings cannot be located . . . .  Counsel for the Commissioner wrote in an email in September 2013 that the hearing recording, though originally missing had been located . . . .  There was no indication in the email that there were two hearing transcripts at issue, and that one was still missing . . . .  The undersigned is not a mind

6

> reader. The email would have been an ideal place to alert counsel that there was a hearing transcript missing.

[Doc. 47] at 2–3. Plaintiff's counsel goes on to argue that the transcript from the first hearing is located at the very end of a 1001-page record, and that

> [b]y the time counsel had looked at every page (a task performed sequentially), and realized the VE's testimony was not included, she had already identified, and briefed, four other meritorious claims of error. In fact, including those other meritorious issues in the final remand order became a bone of contention in the remand process.

*Id.* at 3.

There have been a number of unfortunate events in this case. First, the entire claim file was misplaced. When it was subsequently found, both parties undoubtedly assumed the record was complete. But there had been two separate hearings before the ALJ (a somewhat unusual circumstance in and of itself), and the transcript from one of those hearings remained missing. Moreover, because of where the transcript was located in the record, Plaintiff's counsel did not become aware of the missing transcript until she had read the entire record and had briefed several other grounds for remand. Defendant's counsel claims that Plaintiff's counsel should have known that, given the circumstances—a missing hearing transcript—it was standard practice for Defendant to move for remand; Plaintiff's counsel disputes that there is any "standard protocol" for a case in which two hearings were held and only one transcript turns out to be missing. In a perfect world, as soon as one of the attorneys realized the transcript was missing, he or she would have called opposing counsel and said, "Hold off on doing any more work. I think we're going to stipulate to a remand because . . . ." Obviously, that call never happened.

7

Essentially, Defendant's counsel asks me to draw a bright line and say, "After this date, Plaintiff's counsel should have known that the case would be remanded, and any work performed after that date was unnecessary." The problem is that I cannot tell what "this date" is. I cannot glean from the record the date on which Plaintiff's counsel should have known—based on her own review of the record—that the transcript was missing. I have no basis for finding, for example, "The record is ___ pages long. It should have taken counsel X hours to review the entire record. But by the end of X hours she should have known that (1) the transcript from one of the hearings was missing, and (2) under those circumstances, remand was inevitable, and, therefore, no further work on the case was necessary."

On March 31, 2014, Plaintiff's counsel made a time entry that reads, "Telephone conference with OGC attorney Reese regarding inability to find 2005 transcript . . . ." [Doc. 45-2] at 2. Arguably, that is that latest date on which she should have known that the transcript was missing. Were I to find that all time expended after that date was unnecessary, it would reduce the amount of fees by approximately 14 hours, or approximately $2,650.00. *See id.* at 2–3.

But I am loathe to make such a finding. I am not without experience reviewing time sheets. Before I took the bench, I worked for 30 years as an insurance defense attorney. I filled out time sheets virtually every day of my career. I was the managing partner of a firm of 35 lawyers, all of whom billed hourly. I have been retained on numerous occasions as an expert witness on the reasonableness of attorney's fees. And I have reviewed dozens of applications for attorney's fees as a judge. As a result, I have reviewed thousands of pages of time sheets, and I

think I can spot padding when I see it. I do not see it in Plaintiff's time sheets. What I see are two aggressive attorneys trying very hard to get the best possible result for their client.

I understand (and appreciate) that Defendant rarely objects to motions for EAJA fees in Social Security cases. I can guess what caused Defendant to object in this case. I suspect that Defendant's counsel noticed that the transcript was missing before "ramping up" work on a detailed response to Plaintiff's Motion to Remand. Seeing that the transcript was missing, he (correctly) foresaw that remand was inevitable, and so (appropriately) put the brakes on any additional work. Thus, I have no doubt that he put significantly fewer hours into the case than Plaintiff's counsel. I understand his frustration. And as I remarked earlier, in a perfect world, he and Plaintiff's counsel would have communicated earlier, and a lot of work might have been avoided.

Nevertheless, that did not happen, and I must decide whether the time expended by Plaintiff's counsel was reasonable. I find that it was. I base my decision on three grounds. First, I accept counsel's representation that she had researched and briefed the four additional grounds of error before realizing that the transcript was missing from the record. Second, the four issues raised by Plaintiff's counsel were not frivolous; success on any one of those issues could have resulted in a reversal and remand. Third, even after it was agreed that a remand was inevitable, a legitimate dispute existed regarding the form the remand was to take. In other words, Plaintiff's counsel had a legitimate reason to continue working on the case, even after it became clear that remand would not be contested. In summary, I find that the number of hours expended on this case by Plaintiff's counsel, as reflected in [Docs. 45-1 and 45-2], was reasonable under *Hensley*

*v. Eckerhart*, 461 U.S. 424 (1983). The hourly rates are not disputed. Accordingly, I recommend that Plaintiff be awarded $7,628.40 in attorney's fees.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Attorney Fees [Doc. 45] be **GRANTED.** Plaintiff should be authorized to receive $7,628.40 for payment to his attorneys for services before this Court, as permitted by the Equal Access to Judgment Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER RECOMMENDED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**