IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAY THOMAS ENCISO,

       Plaintiff,

v.                                                      No. 12-cv-0920 LH/SMV

CAROLYN W. COLVIN,
**Acting Commissioner of Social Security Administration,**

       Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO GRANT PLAINTIFF'S MOTION FOR § 406(b) FEES**

THIS MATTER is before me on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum ("Motion") [Doc. 52], filed on November 24, 2015. The Motion seeks $26,705.23 in attorney's fees for legal services rendered before the Court. *Id*. at 1. The Commissioner filed a Response, [Doc. 53], on December 3, 2015. In that Response, the Commissioner takes no position on the reasonableness of the request. *Id.* at 1. Plaintiff has not filed a Reply, and none is needed. Having reviewed the briefing, record, and relevant law and being otherwise fully advised in the premises, I recommend that the Motion be **GRANTED**.

## Procedural History

Plaintiff applied for supplemental security income on November 10, 2004, and for a period of disability and disability insurance benefits on December 20, 2004. Tr. 47. His claims were denied initially and on reconsideration. *Id.* They were again denied by an Administrative Law Judge ("ALJ"). The Appeals Council ordered a second hearing, and Plaintiff's claims were

denied by an ALJ for a second time. Plaintiff filed his complaint in this Court pro se on August 29, 2012. [Doc. 1]. He later hired attorneys Michael Armstrong and Francesca MacDowell to represent him. [Doc. 52-1] at 22.

Counsel began vigorously working his case, logging 40.6 hours of reasonable attorney time, drafting and filing a motion to remand on February 3, 2014. *See* [Doc. 49] (magistrate judge's PF&RD describing the procedural history); [Doc. 37] (motion to remand). On April 30, 2014, the Commissioner moved to voluntarily remand the case because the transcript of the first administrative hearing had been lost. [Doc. 40]. Although Plaintiff agreed that the case should be remanded, he disagreed on the form of the remand order. [Doc. 42]. He argued that the remand order should either expressly rule on his claims of error (so that they would not be repeated on remand) or order an immediate award of benefits. *Id.* On May 30, 2014, the presiding judge entered the parties' stipulated order remanding the case with certain, specific instructions. [Doc. 43].

After the case was remanded, Plaintiff's counsel for moved attorney's fees under the Equal Access to Justice Act ("EAJA"). [Doc. 45]. Defendant did not oppose an award of fees but argued that the 40.6 hours claimed was excessive considering that Defendant ultimately acquiesced to remand. [Doc. 46]. Defendant argued that Plaintiff's counsel should have realized that the transcript of the first administrative hearing was missing, anticipated that Defendant would agree to voluntarily remand the case based on the missing transcript, and refrained from spending so much time on the briefing. *Id.* I, myself, spent a great deal of time considering the dispute. [Doc. 49] at 1, n.1.

On the one hand, I appreciated Defendant's position that much of the work performed by Plaintiff's counsel could have been avoided. *Id.* at 6–10. On the other hand, I also appreciated that Plaintiff's counsel did not actually realize that Defendant would voluntarily agree to remand until after a significant amount of time had already been expended. *See id.* Ultimately, I recommended that the full amount of fees requested under EAJA be granted. *Id.* Defendant did not object to my recommendation, and on February 25, 2015, the Court authorized Plaintiff to receive $7,628.40. [Doc. 50].

Meanwhile, on remand, Plaintiff had a third hearing before an ALJ, who on September 11, 2015, issued a fully favorable decision. [Doc. 52-1] at 1–10. Plaintiff was awarded back benefits in the amount of $130,820.90, of which, 25% (or $32,705.23) has been withheld for potential payment under § 406(b). [Doc. 52-1] at 13.

Plaintiff and his counsel entered into a contingency fee agreement providing for attorney's fees not exceeding 25% of any back benefits awarded. *See* [Doc. 52-1] at 22. Plaintiff's counsel has requested fees totaling $26,705.23, or 20.4% of the back benefits awarded. [Doc. 28] at 2–3. The Commissioner "declines to assert a position on the reasonableness of Plaintiff's request because [she] is not the true party in interest." [Doc. 53] at 1. The Commissioner's Response provides only "relevant legal standards to assist the Court in its determination," *id.*, which the Court found to be very helpful.

## **Standard**

A court may award attorney fees pursuant to 42 U.S.C. § 406(b)(1) where the claimant receives a favorable administrative decision following a remand of the case to the Commissioner for further consideration. In relevant part, the statute at issue states:

3

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1). "The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). The *Whitehead* court reasoned that "Congress recognized the difference between the mandatory term 'shall' and the permissive term 'may.'" *Id*. at 128. Congress used "shall" in 406(a)[1] and "may" in 406(b) where the statute specifically provides that the court is expected to determine and allow attorney's fees. *Id*. at 128. Traditionally, an award of attorney's fees is a matter within sound discretion of the court. *Id*. at 128.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court concluded that § 406(b) was designed by Congress to "control, not displace, fee agreements between Social Security benefit claimants and their counsel." 535 U.S. at 792. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees (for representation in court) as a ceiling, not as a standard to be used to substantiate reasonableness. *Id*.

Courts have reduced attorney fee "recovery based on the character of the representation and the results the representation achieved." *Id.* at 808. In cases where plaintiffs' attorneys have

---

[1] Section 406(a) governs fees for representation before the Commissioner, while § 406(b) governs fees for representation before a court.

4

caused delays or provided substandard representation or if the benefits are large in comparison to the amount of time counsel spent on the case, courts have reduced fees. *Id.*; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (explaining that "the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations"). Ultimately, plaintiffs' attorneys have the burden of showing that the fee sought is reasonable. *Gisbrecht*, 535 U.S. at 808. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

## Analysis

First, the Court must determine if the Fee Agreement meets § 406(b)(1) guidelines. The Fee Agreement provides, in pertinent part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by [a] federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five (25%) of my and my family's past-due benefits. In addition to the fee, I agree to pay the reasonable costs and expenses, which are incurred in representation, including court filing fees and the New Mexico gross receipts tax on the attorney's fee.
>
> . . . . In no event wi[ll] the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

[Doc. 52-1] at 22. The Fee Agreement caps the fees at 25% of the past-due benefits, which is consistent with § 406(b)(1).

Second, I must review contingent fee agreements such as this one, "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Plaintiff's counsel has

5

the burden of demonstrating that their request for fees is reasonable under the circumstances. *See id*. at 807. The reasonableness determination is "based on the character of the representation and the results the representation achieved." *Id*. at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorneys' representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*.

Having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find that Plaintiff's counsel have shown that $26,705.23 is a reasonable fee for their representation of Plaintiff before this Court. Counsel has represented Plaintiff vigorously for more than two years. *See* [Doc. 52-1] at 22 (fee agreement signed on September 12, 2013). Counsel's representation was more than adequate; the results achieved were excellent, in that they obtained a fully favorable decision. *See* [Docs. 52-1] at 1–3.

Plaintiff's counsel were not responsible for any appreciable delay in resolution of the case.

I further find that the award would not be disproportionately large in comparison to the amount of time spent on the case (40.6 hours). *See* Affidavits of Michael D. Armstrong and Francesca MacDowell, [Doc. 52-1] at 17–21. The award would equate to an effective hourly rate of $657.76, which I find to be reasonable given the amount of time spent on the case and counsel's experience.[2] Besides, after the amount of fees awarded under EAJA ($7,628.40) is

---

[2] *See generally Valdez v. Barnhart*, No. 00-cv-1777 MV/LCS (D.N.M. 2005) (authorizing an effective hourly rate of $645.16); *Montes v. Barnhart*, No. 01-cv-0578 (D.N.M. 2004) (authorizing an effective hourly rate of $701.75); *Rothenbecker v. Astrue*, 764 F. Supp. 2d 697 (M.D. Pa. 2011) (authorizing an effective hourly rate of $850); *Owsley*

reimbursed to the client, *see Gisbrecht*, 535 U.S. at 796, counsel will actually be paid $19,076.83, or $469.87 per hour.  I find that the amount requested does not constitute a windfall under the circumstances in this case.  The fee is reasonable.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that:

(1) Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 52] be **GRANTED**;

(2) Plaintiff's counsel be awarded $26,705.23 in attorney fees pursuant to § 406(b)(1) for representing Plaintiff before this Court; and

(3) In accordance with *Gisbrecht*, 535 U.S. at 796, counsel shall refund to the Plaintiff the amount of EAJA fees previously awarded.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

                                                  _____
                                                  **STEPHAN M. VIDMAR**
                                                  **United States Magistrate Judge**

---

*v. Astrue*, 160 Soc. Sec. Rep. Serv. 305, 2010 WL 5173148 (N.D. Ind. 2010) (authorizing an effective hourly rate of $643); (*Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (approving attorney's fees of $600.00 per hour); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365–66 (N.D. Ga. 2005) (approving attorney's fees at an effective rate of $643.00 per hour).